OPINION ofthe Court, by
Judge Clark.
The appellants won of the appellee six hundred dollars at cards, for which he executed three bonds of two hundred dollars each: on one of these bonds an action at law was prosecuted to judgment. This bill was brought í0 be rebeved against the judgment, and. to have the other two bonds given up. The inferior court decreed a perpetual injunction on the judgment at law, and a sairender of tk two bonds upon which suits had not , been brought.
The principal question' to be decided is, whether ⅛ aíBurt of chancery had jurisdiction of this case,
*201 For tfce appellants it was contended that this being a contract of turpitude, chancery ought not to interfere. It is certainly a general rule, that in contracts founded upon immoral considerations, if both parties are equally criminal and the contract has been carried into execution, the law will suffer it to prevail contrary to its prohibition. But this rule appears to prevail only in cases where the money has been paid, and not in cases merely executory. The practice of gambling is expressly prohibited by law, and if this case is to be considered without relation to precedent, there can be no substantial reason why a court of chancery should not give relief when the party asking it brings himself within the general rules that give jurisdiction in ordinary cases. That course of decision which will most effectually discourage gambling, whether it be in chancery or at law, ought to be adopted, if in doing so no cardinal rule of the power of the court be violated. But it is believed a number of cases may be found in which chancery has relieved from the payment ©f bonds executed for money lost at play — See 1 Verm 70, 291, and Ambl, 269. In the latter case the chancellor, on a bill brought to be relieved against a bond for money won, and to be repaid the money which had been paid in part discharge of it, not only decreed relief from the bond, but that the money which had been paid should be refunded. Yet we conceive a court of chancery will only interfere in those cases where a court of law is inadequate to afford redress, and if by the rules of chancery, it would be improper for the court to retain jurisdiction ⅛ ordinary cases similarly situated, it would be improper where the consideration of the bend is illegal. In the present case the appellee from his inability to prove the illegality of the contract had a right to resort to equity in the first instance, but according to a number of decisions of this court, after having made a defence at law, he could not go into chancery and have a re-trial of what had been tried at law. As the appellee in this cause by his plea brought the same matter before the court on the trial at law that is contained in his bill, he svc.s thereby precluded from going into chancery as to the judgment at law. The decree of the inferior court ,⅞0 far as relates to the judgment at law is erroneous, *202 but so far as respects the two bonds upon which suits had not been prosecuted is correct.
Decree reversed, and cause remanded with directions to enter a decree conformable to this opinion, &c<